UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VALERIE J.,

                  Plaintiff,

v.                                                               5:23-CV-0413
                                                                 (ML)

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

LEGAL AID SOCIETY OF MID-NY               RAYMOND O. RECCHIA, ESQ.
  Counsel for the Plaintiff
221 S. Warren Street - Suite 310
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION            FERGUS J. KAISER, ESQ.
  Counsel for the Defendant               Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER**

Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was

heard in connection with those motions on August 27, 2024, during a telephone conference

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

conducted on the record.  At the close of argument, I issued a bench decision in which, after

applying the requisite deferential review standard, I found that the Commissioner's

determination was not supported by substantial evidence, providing further detail regarding my

reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been

transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is GRANTED.

2)      Defendant's motion for judgment on the pleadings (Dkt. No. 11) is DENIED.

3)      The Commissioner's decision denying Plaintiff Social Security benefits is

REVERSED.

4)      This matter is REMANDED to the Commissioner, without a directed finding of

disability, for further administrative proceedings consistent with this opinion and the oral bench

decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5)      The Clerk of Court is respectfully directed to enter judgment, based upon this

determination, REMANDING this matter to the Commissioner for further administrative

proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four

of 42 U.S.C. § 405(g) and closing this case.

Dated: September 5, 2024
       Binghamton, New York

_____
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------x
VALERIE BARBARA JUKNEVICIUS,


                             Plaintiff,


vs.                                  Civil Action No. 5:23cv413



MARTIN J. O'MALLEY,
COMMISSIONER OF SOCIAL SECURITY,


                             Defendant.
----------------------------------------------x
```

Transcript of a Decision from a

Teleconference Hearing held on August 27, 2024, the

HONORABLE MIROSLAV LOVRIC, United States Magistrate

Judge, Presiding.



A P P E A R A N C E S

```
For Plaintiff:       LEGAL AID SOCIETY OF MID-NY
                     221 S. Warren Street, Suite 310
                     Syracuse, New York 13202
                       BY:  RAYMOND O. RECCHIA, ESQ.


For Defendant:       SOCIAL SECURITY ADMINISTRATION
                     OFFICE OF PROGRAM LITIGATION, OFFICE 2
                     6401 Security Boulevard
                     Baltimore, Maryland 21235
                       BY:  FERGUS J. KAISER, ESQ.
```

*Lisa M. Mazzei, RPR*
*Official United States Court Reporter*
*10 Broad Street*
*Utica, New York  13501*
*(315) 266-1176*

2

1              (The following is an excerpt of a

2                    teleconference hearing held on 8/27/2024.)

3              THE COURT:  All right.  Well, the Court is going to

4    begin its decision, analysis and reasoning as follows:

5              So, first, the Court begins by indicating that

6    Plaintiff has commenced this proceeding pursuant to Title 42

7    U.S.C. Section 405(g) to challenge the adverse determination

8    by the Commissioner of Social Security finding that she was

9    not disabled at the relevant times and therefore ineligible

10   for the benefits that she sought.

11             By way of background, the Court notes as follows:

12   Plaintiff was born in 1977.  She is currently approximately

13   47 years of age.  She was approximately 43 years of age on

14   the date of her application for benefits.

15             Plaintiff stands approximately 5 feet 3 inches in

16   height and weighs approximately 230 pounds.  Plaintiff is a

17   high school graduate who attended regular education classes

18   and attended college for two years but did not obtain a

19   degree.  Her employment history includes work as a cashier,

20   house cleaner, and a bookkeeper.

21             At the time of her administrative hearing on

22   December 7, 2021, Plaintiff lived alone but saw her

23   six-year-old son on a near-daily basis.  She also has an

24   adult daughter who lives out of state.

25             Procedurally, the Court notes as follows for this

3

1    case:

2              Plaintiff applied for Title II and Title XVI

3    benefits on October 8th of 2020, alleging an onset date of

4    April 28, 2017.  In support of her applications for benefits,

5    Plaintiff claims disability based on a number of physical and

6    mental health impairments including back pain, stage three

7    kidney disease, schizophrenia, depression, and bipolar

8    disorder.

9              Administrative Law Judge Jennifer Gale Smith

10   conducted a hearing on December 7, 2021, to address

11   Plaintiff's applications for benefits.  ALJ Smith issued an

12   unfavorable decision on December 20, 2021.  That decision

13   became the final determination of the agency on December 20,

14   2022, when the Appeals Council denied Plaintiff's request for

15   review.

16             On March 7, 2023, the Commissioner granted an

17   administrative request filed by Plaintiff's counsel extending

18   the deadline for commencing a civil action to April 21 of

19   2023.  This action was commenced on April 3, 2023, and it is

20   therefore timely.

21             In her December 20, 2021 decision at issue in this

22   case, the ALJ first determined that Plaintiff met the insured

23   status requirements of the Social Security Act through

24   December 31, 2020, and then commenced the familiar five step

25   test for determining disability.

1          At step one, the ALJ concluded that Plaintiff had

2     not engaged in substantial gainful activity since the alleged

3     onset date of April 28, 2017.

4          At step two, the ALJ concluded that Plaintiff had

5     the following severe impairments: anxiety disorder,

6     depressive disorder, bipolar disorder, substance abuse

7     disorder and sustained remission, cannabis use disorder,

8     posttraumatic stress disorder, obesity, stage III kidney

9     disease, hepatitis C, degenerative disc disease, mild

10     peripheral neuropathy, cervicalgia, migraine headaches,

11     asthma, diabetes with mild neuropathy, chronic right heart

12     failure and anemia.

13          At step three, the ALJ concluded that plaintiff did

14     not have an impairment or combination of impairments that met

15     or medically equal the severity of one of any listed

16     impairments.  In making this determination, the ALJ expressly

17     considered the following listings:  Listing 1.15, which deals

18     with disorders of the skeletal spine.  Listing 1.16 dealing

19     with lumbar spinal stenosis.  Listing 3.03 dealing with

20     asthma.  Listing 4.012 dealing with chronic heart failure.

21     Listing 6.05 dealing with chronic kidney disease.  Listing

22     7.18 dealing with repeated complications of hematological

23     disorders.  Listing 11.17 dealing with neurodegenerative

24     disorders.  Listing 12.02 dealing with neurocognitive

25     disorders.  Listing 12.04 dealing with depressive bipolar and

5

1     related disorders.  Listing 12.06 dealing with anxiety and

2     obsessive compulsive disorders.  And lastly, listing 12.15

3     dealing with trauma and stressor-related disorders.

4              Next, the ALJ determined that Plaintiff has the

5     residual functional capacity, also known as RFC, to perform

6     less than the full range of light work.  Specifically, the

7     ALJ found Plaintiff should not work at unprotected heights;

8     balance, climb ladders, ropes, or scaffolds; or work in close

9     proximity to dangerous machinery or moving mechanical parts

10    of equipment.  The ALJ further found Plaintiff can frequently

11    reach and can occasionally kneel, crouch, crawl, climb ramps

12    and stairs and stoop.  The ALJ also found that the Plaintiff

13    should not have concentrated exposure to respiratory

14    irritants, extreme heat and cold temperatures or humidity.

15    With regard to mental health impairments, the ALJ found

16    Plaintiff should work at simple, routine, and repetitive

17    tasks and should work in a low stress job defined as

18    occasional decision making, occasional judgment required, and

19    occasional changes in the work setting.  The ALJ further

20    opined that Plaintiff should work at goal-oriented work

21    rather than production pace rate work.  And that Plaintiff

22    should be limited to occasional contact with coworkers,

23    supervisors, and the public.

24              At step four, the ALJ relied on the vocational

25    expert testimony to determine that Plaintiff is unable to

1    perform any past relevant work.  Again relying on the

2    vocational expert testimony, the ALJ found that considering

3    Plaintiff's age, education, work experience, and RFC, that

4    there were jobs existing in significant numbers in the

5    national economy that Plaintiff can perform.  Accordingly,

6    the ALJ found that Plaintiff was not disabled from her

7    alleged onset date of April 28, 2017 through the date of the

8    ALJ's decision.

9         Turning now to Plaintiff's arguments, I begin first

10   by indicating, as the parties know, this Court's functional

11   role in this case is limited and extremely deferential.  I

12   must determine whether correct legal principles were applied

13   and whether the determination is supported by substantial

14   evidence which is defined as such relevant evidence as a

15   reasonable mind would find sufficient to support a

16   conclusion.  As the Second Circuit noted in *Brault v. Social*

17   *Security Administration Commissioner,* that's at 683 F.3d 443,

18   a 2012 case, this standard is demanding more so than the

19   clearly erroneous standard.  The Court noted in *Brault* that

20   once there is a finding of fact, that fact can be rejected

21   only if a reasonable factfinder would have to conclude

22   otherwise.

23        In this case, Plaintiff raises in her filings four

24   primary contentions in the proceedings:

25        First, Plaintiff argues that the ALJ erred in

7

1    evaluating the medical opinion evidence related to

2    Plaintiff's mental health impairments, particularly

3    Plaintiff's ability to maintain a regular schedule.

4              Second, Plaintiff argues that the ALJ erred in

5    evaluating the medical opinion evidence related to

6    Plaintiff's physical impairments, particularly with regard to

7    Plaintiff's ability to perform frequent reaching.

8              Third, Plaintiff argues that the ALJ failed to

9    properly evaluate Plaintiff's ability to handle stress in the

10   workplace.

11             And fourth, Plaintiff argues that the ALJ failed to

12   properly evaluate the vocational expert testimony.

13             The Court begins its decision and analysis as

14   follows:

15             The Court finds that remand for further

16   administrative findings in this case is required to properly

17   evaluate the medical opinion and other evidence related to

18   Plaintiff's ability to maintain and keep a regular schedule.

19             The Court begins by noting that Plaintiff is

20   currently enrolled in an Opioid Treatment Program.  At her

21   December 2021 hearing, Plaintiff testified that she had

22   maintained her sobriety for the past five years.  As part of

23   her treatment program, Plaintiff attends a daily methadone

24   clinic and participates in monthly counseling sessions.

25   Plaintiff testified that she woke up at 2 a.m. each weekday

8

1    in order to be ready for a 4:30 a.m. pickup by a Medicaid

2    shuttle with a 90-minute commute to the clinic.  Depending on

3    the daily appointment schedule, the shuttle brought Plaintiff

4    back home between 7:30 a.m. and 11:30 a.m.  Plaintiff

5    testified that she was exhausted after her appointments but

6    that compliance with methadone treatment was necessary not

7    only for her sobriety, but as a condition of her current

8    housing and food stamp benefits.

9              Plaintiff's treating licensed therapist,

10   Ashley Kessler, prepared a February 12, 2021 Psychiatric

11   Functional Assessment that was cosigned by psychiatrist

12   Dr. Tolani Adjabe.  As part of that assessment, Ms. Kessler

13   opined that Plaintiff would be absent from work more than

14   four days per month and late to work more than four days per

15   month as a result of her mental health symptoms or treatment.

16   In a November 9, 2021 letter clarifying her opinion,

17   Ms. Kessler explained that Plaintiff's mental health symptoms

18   included mood irregularities, panic attacks, depressive

19   episodes, suicidal ideations, and "fight or flight" PTSD

20   triggers.  Ms. Kessler, who had been treating Plaintiff since

21   2019, further opined that Plaintiff tends to isolate herself

22   and needs to reach out to a trusted counselor when her mental

23   health symptoms arise, hindering her ability to attend work

24   regularly or be punctual to work.  In separate

25   correspondence, Ms. Kessler opined that Plaintiff's

1    psychiatric symptoms were distinct from her substance abuse

2    history.

3         Ms. Kessler's opinion is the only comprehensive

4    treating source opinion in the record, and the only opinion

5    to express concerns about Plaintiff's ability to maintain

6    regular attendance and punctuality at work.  Two consultative

7    psychiatric examiners and two non-examining state agency

8    psychiatric consultants identified no limitations in this

9    area.

10         The ALJ rejected Ms. Kessler's opinion regarding

11   absenteeism and punctuality, stating the claimant's regular

12   attendance at her methadone clinic for two to three years, is

13   inconsistent with Ms. Kessler's and Dr. Adjabe's estimates as

14   to absences.  It appears that these estimates are speculative

15   at best.  This is what the ALJ concluded.

16         The Second Circuit recently held that "relying on

17   attendance at medical appointments is unhelpful in

18   determining whether an individual with significant

19   psychiatric issues can consistently show up and successfully

20   function in a work environment."  See case of *Rucker v.*

21   *Kijakazi*, 48 F.4th 86, at page 93, and that's a Second

22   Circuit 2022 case.  Recent district court decisions have

23   followed the Second Circuit's instruction and remanded where

24   the ALJ relied solely on an individual's ability to maintain

25   regular attendance at methadone treatment to determine that

10

1    he or she could meet the ordinary demands of regular work

2    attendance and punctuality.  See case *Bellini v. O'Malley*.

3    That's 22-CV-9639.  That's found at 2024 WL 1328383 at page

4    8.  That's a Southern District New York March 28, 2024 case.

5    See also case of *Brian D. v. Commissioner of Social Security,*

6    21-CV-1368.  That is a Magistrate Judge Hummel case.  That

7    can be found at 2023 WL 1765429 at pages 9 through 10, and

8    that is a Northern District New York case.  Decision issued

9    February 3rd of 2023.

10            Because Plaintiff's dedication in meeting the

11   onerous travel and time requirements necessary to maintain

12   her sobriety is the sole reason that the ALJ identified for

13   rejecting Ms. Kessler's opinion regarding attendance and

14   punctuality, remand for further administrative proceedings is

15   required.

16            The Court notes that the vocational expert

17   testified at the December 2021 hearing, based on her

18   experience, that "no more than one day of missed work per

19   month is acceptable.  And I consider arriving late or leaving

20   early the same as an absence."  Therefore, the ALJ's error in

21   evaluating Plaintiff's ability to maintain regular attendance

22   and punctuality cannot be considered harmless and remand is

23   required.

24            This Court finds that Plaintiff's remaining

25   arguments do not present independent grounds for remand, so I

11

1    will address them in a summary fashion.  That being said,

2    reconsideration of Plaintiff's ability to maintain regular

3    attendance and punctuality along with any new evidence

4    introduced on remand will necessarily impact many of the

5    discrete challenges raised in Plaintiff's brief.

6            The ALJ expressly rejected the portion of

7    consultative examiner Dr. Elke Lorensen's opinion that

8    Plaintiff had moderate limitations in reaching, citing a lack

9    of support in the record.  Plaintiff contends this was error,

10   but has not identified objective evidence to support this

11   claim.  At her December 2021 hearing, Plaintiff testified

12   that her primary physical functional limitations involve

13   walking and lifting.  The ALJ's decision contains a lengthy

14   summary of the longitudinal record including treatment notes

15   and imaging reports.  Although Plaintiff's brief identifies a

16   number of her physical impairments that potentially impact

17   her ability to reach, it does not cite any treatment notes or

18   medical reports that are more restrictive than the "frequent"

19   reaching in the ALJ's RFC determination.

20           The ALJ also found the opinions of two

21   non-examining state agency consultants regarding physical

22   functional limitations be persuasive, and the opinions of two

23   non-examining state agency consultants regarding psychiatric

24   functioning limitations to be partially persuasive.

25           Plaintiff contends that the ALJ's analysis was

1    erroneous because the record was not complete at the time

2    that each of these opinions were issued.  However, Plaintiff

3    has not identified any worsening of her symptoms or

4    functional limitations that would render any of these

5    opinions "stale" and thus unreliable.  Indeed, the ALJ's

6    decision cited record and testimonial evidence that

7    Plaintiff's physical and psychiatric symptoms had generally

8    improved as she progressed in treatment.

9            The record contains two psychiatric consultative

10   examination reports.  Dr. Dennis Noia examined Plaintiff in

11   August 2018.  He opined that Plaintiff had no more than mild

12   limitations in most functional areas, but had marked

13   limitations in regulating emotions, controlling behavior, and

14   managing well-being.  Dr. Dante Alexander examined Plaintiff

15   in February of 2021.  He opined that Plaintiff had no more

16   than mild limitations in all functional areas, including

17   regulating emotions, controlling behavior, and managing

18   well-being.  Although the ALJ did not rely entirely on either

19   opinion, the ALJ found Dr. Alexander's opinion more

20   persuasive.

21           Plaintiff contends that the ALJ failed to properly

22   evaluate these opinions.  However, the ALJ expressly

23   considered their supportability and consistency against the

24   longitudinal medical record and Plaintiff's activities of

25   daily living.  The Court notes that Dr. Noia's opinion was

1    prepared relatively close in time to Plaintiff's April 2017

2    suicide attempt and subsequent psychiatric hospitalizations

3    and that Dr. Alexander's less restrictive opinion was

4    prepared after Plaintiff had progressed in both mental health

5    and substance abuse treatment.  To the extent that Plaintiff

6    argues that the ALJ should have interpreted the evidence

7    differently, such challenges must be rejected, because they

8    are premised entirely upon a disagreement over how the ALJ

9    resolved arguably conflicting evidence.  It is not sufficient

10   that reasonable parties could interpret the evidence

11   differently, and it is not the function of this reviewing

12   Court to reweigh that evidence.

13           The ALJ's RFC determination limited Plaintiff to

14   low stress jobs, defined as occasional decision-making,

15   occasional judgment required and occasional changes in the

16   work setting.  ALJ further limited Plaintiff to goal-oriented

17   work rather than productive pace rate work, and only

18   occasional contact with coworkers, supervisors and the

19   public.

20           Plaintiff contends that the ALJ failed to properly

21   evaluate Plaintiff's ability to handle stress.  In her

22   decision, the ALJ considered evidence related to Plaintiff's

23   ability to handle stress including medical observations,

24   Plaintiff's testimony, and her documented activities of daily

25   living.  Thus, the ALJ provided a "thorough, individualized

14

1    assessment" of Plaintiff's ability to handle stress, and

2    incorporated reasonable limitations into the RFC

3    determination.

4           At the December 2021 hearing, the vocational expert

5    identified three representative occupations that an

6    individual with Plaintiff's RFC could perform.  That being

7    routing clerk, marker, and photocopy machine operator.

8    Plaintiff contends that the ALJ failed to adequately

9    investigate a conflict between the constant reaching required

10   by the marker position and frequent reaching in the RFC.

11   However, even with that unresolved conflict, the vocational

12   expert identified two other positions existing in significant

13   numbers in the national economy.  Courts have regularly held

14   that where a vocational expert identifies at least one job

15   existing in significant numbers, the Commissioner's

16   obligation at step five is satisfied.  Therefore, any error

17   in including the marker position at step five would be

18   harmless.

19          Finally, Plaintiff contends that the RFC

20   determination is inconsistent with the jobs identified by the

21   vocational expert, which all require a Reasoning Level of

22   Two.  However, a growing number of district courts have held

23   that jobs with reasoning levels of two are compatible with

24   limitations to simple, routine, low stress work.  See case of

25   *Timothy M. v. Kijakazi.*  That is found at 20-CV-310.  That is

15

1    a Chief Judge Sannes case, 2021 WL 4307455 at page 16.  And

2    that was issued by Chief Judge Sannes of the Northern

3    District of New York on September 22 of 2021.  And therein

4    Chief Judge collected a variety of cases on this point.

5            Accordingly, it is the decision of this Court that

6    Plaintiff's motion for judgment on the pleadings is granted.

7    Defendant's motion for judgment on the pleadings is denied.

8    And this matter is reversed and remanded to the Commissioner

9    pursuant to sentence four of Title 42 U.S.C. Section 405(g)

10   for further proceedings consistent with this decision and

11   order.

12           That constitutes the decision and order of the

13   Court.  As I indicated, I will have the court reporter

14   transcribe solely my decision as I have set it forth here on

15   the record.  I will then append that decision to a summary

16   order and then I will file that in the docket so the parties

17   will have my decision also in writing.

18           That concludes our proceeding for today, and I hope

19   everybody has a good rest of the day.  And court stands

20   adjourned.  Thank you all.

21                    (Court adjourned, 1:38 p.m.)

22

23

24

25

1              CERTIFICATE OF OFFICIAL REPORTER

2

3    I, LISA M. MAZZEI, RPR, Official U.S. Court

4    Reporter, in and for the United States District

5    Court for the Northern District of New York, DO

6    HEREBY CERTIFY that pursuant to Section 753, Title

7    28, United States Code, that the foregoing is a true

8    and correct transcript of the stenographically

9    reported proceedings held in the above-entitled

10   matter and that the transcript page format is in

11   conformance with the regulations of the Judicial

12   Conference of the United States.

13

14                    Dated this 4th day of September, 2024.

15

16

17                         /S/ LISA M. MAZZEI

18                         LISA M. MAZZEI, RPR
                           Official U.S. Court Reporter
19

20

21

22

23

24

25